UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Amber Aubrey, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>Portfolio Recovery Associates, Llc )<br>JPMorgan Chase Bank, N.A. )<br>Missouri Higher Education Loan Authority )<br>Equifax Information Services, LLC )<br>Experian Information Solutions, Inc. )<br>Trans Union, LLC )<br>)<br>  Defendants. ) | Civil Action No.: 4:25-cv-05702 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.**

   The parties conferred as required by Rule 26(f) on <u>17 Feb 2026</u>, via <u>Zoom Call</u>. The counsel who conferred are listed below.

   Felix Readus on behalf of Plaintiff Amber Aubrey

   Logan Massey on behalf of Defendant Experian Information Solutions, Inc.

   Forrest M. "Teo" Seger, III on behalf of Defendant Equifax Information Services, LLC

   Paul L. Myers on behalf of Defendant Trans Union LLC

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

   There are no related cases pending as this time.

3. **Briefly describe what this case is about.**

**Plaintiff:** Plaintiff brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from the reporting and reinvestigation of disputed credit information. Plaintiff alleges that Defendants Portfolio Recovery Associates, JPMorgan Chase Bank, Missouri Higher Education Loan Authority, Equifax Information Services, Experian Information Solutions, and Trans Union furnished and/or reported inaccurate credit information, failed to conduct reasonable investigations of her disputes, and continued to publish inaccurate tradelines and unauthorized inquiries despite notice of errors.

Plaintiff contends her credit reports contained inaccurate late payment histories, improperly reported collection accounts, erroneous student loan delinquencies, and unauthorized hard inquiries. Plaintiff alleges that she submitted disputes and identity theft documentation, yet inaccurate information remained or was reinserted. Plaintiff further alleges that Defendants failed to follow reasonable procedures to assure maximum possible accuracy and failed to conduct reasonable reinvestigations as required by the FCRA.

Plaintiff claims she suffered damages including harm to creditworthiness, denial of credit opportunities, emotional distress, reputational harm, and other actual damages. Plaintiff seeks statutory, actual, and punitive damages, attorneys' fees, and costs as provided by law.

**Experian**: Experian Information Solutions, Inc. ("Experian") denies it failed to comply with the requirements under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered any damages as a result of any alleged wrongful actions or inactions of Experian. Experian maintained and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit reports. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages. Experian bases this statement on the facts and information currently available to it. In making this statement, Experian does not waive any defenses it has asserted in response to Plaintiff's Complaint, and Experian reserves the right to supplement its summary, if necessary, as the case and the facts develop.

**Equifax**: Equifax denies Plaintiff's claims and denies that it violated the FCRA. At all times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reasonable reinvestigation of the dispute(s) in compliance with the FCRA. Equifax may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b). Equifax maintains that it has at all times acted in good faith and at no time willfully or negligently harmed the Plaintiff or caused Plaintiff to incur actual damages. Equifax contends that any alleged damage suffered by Plaintiff was not caused by Equifax. By way of further response, Equifax submits this statement based on facts known to it at this time without waiving any defense and reserves the right to supplement this statement once discovery progresses and additional facts are developed.

**Trans Union**: As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union properly investigated Plaintiff's disputes as required by the Fair Credit Reporting Act ("FCRA"), removed the information as appropriate, and timely

reported the results of the investigation to Plaintiff. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b). Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, JPMorgan Chase Bank, N.A., Missouri Higher Education Loan Authority, Experian, Equifax, and/or any underlying creditor(s). Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

4. **Identify any issues as to service of process, personal jurisdiction, or venue.**

   None at this time.

5. **Federal jurisdiction.**

   a. **Specify the allegation of federal jurisdiction.**

      This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

   b. **Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.**

      None at this time. The parties reserve the right to revisit as discovery progresses.

   c. **If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C., 965 F.3d 404, 408 fn.1 (5th Cir. 2020).**

>Federal jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims arising under the Fair Credit Reporting Act. Jurisdiction is not based on diversity of citizenship.

6. **List anticipated additional parties that should be included, and by whom they are wanted.**

   The Parties do not anticipate adding any parties at this time but reserve the right to do so on or before <u>April 17, 2026</u>.

7. **List anticipated interventions.**

   The Parties do not anticipate any interventions in this matter.

8. **Describe class-action or collective-action issues.**

   >There are no class-action issues in this case.

9. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

   >The Parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before <u>February 24, 2026</u>.

10. **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

    Not applicable.

11. **Describe the proposed discovery plan, including:**

    a. **Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**

       The Parties anticipate discovery will be needed concerning: (1) The facts and circumstances surrounding the allegations in Plaintiff's live complaint; (2) the accuracy of the account(s) specifically complained of by Plaintiff; (3) communications between Plaintiff and Defendants; (4) reinvestigations conducted by Plaintiff's creditors; (5) communications between Plaintiff and her creditors; (6) communications between Plaintiff's creditors and Defendants; (7) the facts and circumstances surrounding Plaintiff's alleged damages; (8) causation relating to Plaintiff's alleged damages; (9) the facts and circumstances surrounding Plaintiff's alleged adverse credit actions; (10) Plaintiff's credit history and usage; (11) the facts and circumstances surrounding any third parties whom have allegedly received or reviewed Plaintiff's consumer report; and (12) any other issue(s) raised by the pleadings or discovery.

b. **Any threshold issues−such as limitations, jurisdiction, or immunity−that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

The Parties propose that each party be limited to serving 50 Requests for Admissions and 50 Requests for Production of Documents on any other party.

12. **Experts**

    a. **Are experts needed on issues other than attorneys' fees?**

    **Plaintiff**:  Plaintiff has not yet determined whether expert testimony will be necessary. Plaintiff may designate one or more experts concerning credit reporting industry standards, reinvestigation procedures, compliance with the Fair Credit Reporting Act, and damages, if necessary. Plaintiff reserves the right to designate rebuttal experts in response to any experts identified by Defendants.

    **Experian:** Experian anticipates retaining an expert in Experian's policies and procedures, and may also retain a rebuttal expert if necessary.

    **Equifax:** Equifax has yet to determine whether it will retain an expert witness. Equifax's expert will be disclosed in accordance with the Court's scheduling order.

    **Trans Union:**  Trans Union does not anticipate designating experts in this matter; however, it reserves the right to designate an expert before the deadline for such designation.

    b. **If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

    The parties do not anticipate the need for medical experts in this case.

    c. **The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

    April 20, 2026

    d. **The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).**

    May 20, 2026

13. **State the date discovery can reasonably be completed.**

    The Parties anticipate completing fact discovery by December 16, 2026.

    The Parties anticipate completing expert discovery by November 16, 2026.

5

14. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The Parties agree to the discovery plan.

15. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    The parties anticipate serving discovery requests following the 26(f) conference.

16. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

    Trans Union and Plaintiff have engaged in preliminary discussions and will continue to discuss the facts and allegations in the context of a potential resolution.

17. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

    **Plaintiff:** Plaintiff is open to early settlement discussions and believes mediation may be beneficial after the parties exchange initial disclosures and key documents concerning the disputed tradelines and reinvestigations. Plaintiff is willing to participate in mediation or a court-hosted settlement conference.

    **Experian:** Experian believes mediation or a settlement conference may be beneficial after the completion of fact discovery.

    **Equifax:** Equifax believes mediation or a settlement conference may be beneficial after the completion of fact discovery.

    **Trans Union:** Trans Union would agree to engage in ADR in the interest of potential resolution.

18. **With the consent of all parties, a United States Magistrate Judge may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before the Magistrate Judge.**

    The Parties do not jointly consent to trial before a Magistrate Judge.

19. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff has made a jury demand in his Complaint [Docket 1]

20. **Specify the number of hours it will likely take to present evidence.**

    **Plaintiff:** Amber Aubrey anticipates it will take the parties 24 to 32 hours to present evidence at trial.

6

**Experian:** Experian anticipates it will take the Parties 24 to 32 hours to present evidence at trial.

**Equifax:** Equifax anticipates it will take the Parties 24 to 32 hours to present evidence.

**Trans Union:**  Trans Union believes the trial of this matter will 24 to 32 hours.

**21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

There are no pending motions in this case.

**22. List other pending motions.**

There are no pending motions in this case.

**23. List issues or matters, including discovery, that should be addressed at the conference.**

The parties do not anticipate any ESI preservation issues. The parties do not believe that this case is suitable for discovery of electronically stored information in native format, but state that production of any relevant electronically stored information in hard copy or electronic format (PDF or other similar means) has been sufficient in prior similar FCRA cases.

Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. The parties further agree that, should the need arise, they will work together in a good faith attempt to resolve any disagreement about ESI without the need for judicial intervention, to the extent practicable.

The Parties believe there may be a need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for, and scope and form of, such a protective order, the Parties will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party seeking such an order shall file an appropriate motion and supporting memorandum.

The parties agree they are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

The parties agree that pursuant to Rules 5(b)(2)(E) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

24. **Certify that all parties have filed Disclosure of Interest Parties as directed in the Order for Conference and Disclosure of Interest Parties, listing the date of filing for original and any amendment. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.**

**Plaintiff:** Amber Aubrey's Disclosure Statement was filed on 17 February 2026. [Doc. 22]

**Experian**: Experian's Corporate Disclosure Statement was filed on January 5, 2026 [Docket 15] and Amended Corporate Disclosure Statement and Certificate of Interested Parties on February 12, 2026 [Docket 20].

**Equifax**: Equifax filed it filed its Corporate Disclosure Statement on January 5, 2026. [Doc. 13].

**Trans Union**: Trans Union filed its Corporate Disclosure Statement on December 23, 2025 (Dkt. No. 11).

Respectfully submitted,

/s/*Felix t. Readus*                                17 February 2026
Felix T. Readus                                    Date
Texas Bar No. 24064163
S.D. TX Bar No. 2799835
6335 Gulfton Street, No. 217
Houston, Texas 77081
Telephone: (713) 591-5932
Facsimile: (214) 540-9333
Email: principal@readuslaw.com

*Attorney for Plaintiff,*
*Amber Aubrey*

/s/*Forrest M. Segur III*                          17 February 2026
Forrest M. "Teo" Seger III                         Date
Texas Bar No. 24070587
S.D. Texas Bar No. 125540

CLARK HILL PLC
2301 Broadway Street
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100
Email: TSeger@clarkhill.com

*Attorney for Defendant,
Equifax Information Services, LLC*


*/s/ Paul L. Myers*  February 12, 2026
Paul L. Myers  Date
Attorney-in-Charge
Texas Bar No. 14765100
S.D. Texas Bar No. 11228
pmyers@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
(214) 560-5452
Fax: (214) 8711-2111

*Attorneys for Defendant,
Trans Union LLC*

/s/*Logan S. Massey*  17 February 2026
Logan S. Massey  Date
Texas Bar No. 24149200
S.D. Texas Bar No. 3949530
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Telephone: 832-239-3816
Email: lmassey@jonesday.com

*Attorney for Defendant,
Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of Court for the United States District Court for the Southern District of Texas on February 17, 2026, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: February 17, 2026

Respectfully submitted,

*/s/Felix T. Readus*
